IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER HOUSE DEVELOPMENT CORPORATION and MCSHEA MANAGEMENT INC. | : : | |
| Plaintiffs | : | |
| v | : | Civil Action No. DKC-09-132 |
| RAHEEM MUHAMMAD | : | |
| Defendant | : | |

o0o

## MEMORANDUM OPINION

The above-captioned case is a Notice of Removal filed pro se by Defendant Raheem Muhammad. The underlying complaint concerns an allegation against Muhammad that he has not paid his rent for an apartment in federally subsidized housing located in Maryland. Paper No. 1. Muhammad has also filed a Motion to Proceed in Forma Pauperis. Paper No. 3. Because he appears to be indigent, his motion will be granted.

Muhammad seeks recusal of the undersigned from this and any other action filed by him in this court. Paper No. 2. His stated rationale for recusal is that the undersigned has issued orders which were not favorable to him. *Id*. Recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. *See* 28 U.S.C. §144. A motion for recusal must also be accompanied by a certificate stating that the motion is made in good faith. *Id.* Muhammad has not convincingly demonstrate a need for recusal. Although he states that the undersigned has ruled against him, that fact alone is not cause for recusal and, therefore, his motion will be denied.

Muhammad claims he is only temporarily residing in Maryland for purposes of receiving medical care and his permanent address is in Beverly Hills, California. Paper No. 1 . He alleges he

is entitled to decent housing and his non-payment of rent is justified because he is the victim of discrimination based on his race, religion and disability.  He asserts this court has jurisdiction over his claims because there is diversity of citizenship between the parties and his claim is based on federal statutory and constitutional law.  *Id*.

Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."    *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here the underlying case pertains to non-payment of rent.  This court does not have original subject matter jurisdiction over the dispute. Further, Muhammad's assertion of defenses which rely in part on either federal statutory or constitutional law do not convert the proceeding into a  federal case subject to removal pursuant to 28 U.S.C. § 1441(b).  *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983).

 Muhammad's assertion that diversity of citizenship confers jurisdiction upon this court also fails. Under 28 U.S.C. §1332(a)(1) original jurisdiction of civil actions between citizens of different states exists only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  There has been no showing that the underlying case concerning non-payment of rent involves an amount in controversy exceeding $75,000.  Thus, diversity jurisdiction is not present in this case.

The case is not properly removed to this court and must be remanded to the District Court of Maryland for Montgomery County for all further proceedings.  A separate Order follows.

  February 6, 2009                                          _____/s/_____
Date                                                                    DEBORAH K. CHASANOW
                                                                             United States District Judge